UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| STEPHONE L. REED, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:13-CR-126-CLC-SKL-1 |
| | ) | | 1:16-CV-227-CLC |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 26]. He bases his request for collateral relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Also before the Court is the United States' request for an extension of time to file a response [Doc. 28], and response in opposition filed during pendency of that motion [Doc. 29]. Petitioner replied to the United States' response on November 14, 2016 [Doc. 30]. For the reasons below, the United States' request for an extension of time [Doc. 28] will be **GRANTED nunc pro tunc** and Petitioner's § 2255 motion [Doc. 26] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I.    BACKGROUND**

In 2014, Petitioner pleaded guilty to aiding and abetting the offenses of carjacking, in violation of 18 U.S.C. § 2119, and brandishing a firearm during and in relation to that crime of violence, in violation of 18 U.S.C. § 924(c) [Doc. 24]. The United States Probation Office calculated Petitioner's advisory Guideline range for the carjacking offense as 51 to 63 months'

imprisonment, followed by a statutorily mandated 84 months' imprisonment for the § 924(c) offense [Presentence Investigation Report (PSR) ¶ 60]. On June 23, 2014, this Court sentenced Petitioner to an aggregate term of 140 months' incarceration—56 months for the § 2119 offense and a consecutive 84 months for the § 924(c) offense [Doc. 24]. On June 20, 2016, Petitioner filed the instant collateral challenge based on the *Johnson* decision [Doc. 26].

IV.    **REQUEST FOR AN EXTENSION OF TIME TO RESPOND**

In addition to the pro se petition, the Court is in possession of the United States' request for a thirty-day extension of time to respond [Doc. 28]. The United States cites the significant number of *Johnson*-based post-conviction challenges and heavy caseload of the appellate division responsible for responding to those petitions as justification for the delay [*Id.*].

Within the thirty-day period requested, but before this Court could rule on the proposed extension, the United States submitted a response in opposition to collateral relief [Doc. 29]. For good cause shown, the United States' request for an extension will be **GRANTED nunc pro tunc** and the response in opposition to relief it submitted on August 26, 2016 will be treated as timely.

V.    **STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the

2

proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## VI. ANALYSIS

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A), the argument fails because binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[1] *See United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that Johnson effectively invalidated [the former] is . . . without merit"). As such, Petitioner's federal carjacking conviction remains a crime of violence after the *Johnson* decision.

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

## II.     CONCLUSION

For the reasons discussed above, the United States' request for an extension of time to respond [Doc. 28] will be **GRANTED nunc pro tunc** and Petitioner's § 2255 motion [Doc. 26] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**